# In the United States District Court for the Southern District of Georgia Brunswick Division

MARGIE McRAE,

    Plaintiff,

v.

BRANDON VAUGHN and
PATRICIA AUSTELL,

    Defendants.

2:24-CV-064

### ORDER

Before the Court is Plaintiff Margie McRae's complaint, dkt. no. 1, which qualifies as a shotgun pleading. For the reasons below, Plaintiff is **ORDERED** to file a more definite statement of her claims.

### BACKGROUND[1]

Plaintiff initiated this action against Defendants Brandon Vaughn and Patricia Austell on May 7, 2024. Dkt. No. 1. In the complaint, Plaintiff alleges she is an eighty-year-old woman who lives in California but owns a house at 1008 Mallery Street on St.

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

Simons Island, Georgia. Id. at 1, 4. Plaintiff's neighbors on Mallery Street are Defendant Brandon Vaughn, who has a criminal record, and his mother, Defendant Patricia Austell. Id. at 1, 2, 7. Plaintiff alleges that Defendant Vaughn has damaged her mailbox "a few times, and it is currently damaged." Id. at 1. Plaintiff also "surmise[s]" that Defendant Vaughn "is stealing her mail," which led to her never receiving her bills from Georgia Power and Georgia Power's ultimate termination of electricity service to the Mallery Street home. Id. Plaintiff has filed a request for investigation with the United States Post Office. Id.; Dkt. No. 1-1. Plaintiff also alleges that Defendant Vaughn "is the only likely suspect" to have stolen her generator. Dkt. No. 1 at 2. Plaintiff alleges Defendant Austell "maintains and protects" Defendant Vaughn, "no matter what he does." Id.

Further, Plaintiff alleges that on the night of April 28, she "heard a very loud, very brazen bang," and the next morning, on April 29, she "saw the cracked windshield on the driver's side of her truck." Id. at 3. Plaintiff believes Defendant Vaughn "is the only likely perpetrator" who could have damaged her truck. Id. at 4. Plaintiff states she "did not call the police" because she had to drive to Atlanta, a seven-hundred-mile roundtrip, to discuss "her lack of existential power" with Georgia Power and the Public Service Commission. Id. at 3. Her trip to Atlanta on April

2

29 was unsuccessful, as "Georgia Power personnel refused to talk to her and the Public Service Commission had closed by the time she got there." Id. After she had returned from Atlanta, on April 30 at 1:30 a.m., Plaintiff "heard the same loud bang as the night before." Id. at 4. The following morning, Plaintiff repeated the drive to Atlanta, only to be told by the Georgia Power Commission that "she had to make an appointment." Id. at 3-4.

Plaintiff does not specify causes of action in her complaint. Liberally construing the complaint, however, Plaintiff might be asserting state-law claims for trespass, property damage, conversion, and/or intentional infliction of emotional distress. Id. at 1, 2, 3, 5. She seeks $100,000 in damages. Id. at 5.

## LEGAL STANDARD

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements

3

necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts

4

presented and decide for [itself] which [are] material." <u>Beckwith v. BellSouth Telecomms. Inc.</u>, 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." <u>Weiland</u>, 792 F.3d at 1321.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

<u>Id.</u> at 1321-23 (footnotes omitted).

Plaintiff's complaint qualifies as a shotgun pleading under at least the second and fourth categories. First, the complaint "is guilty of the venial sin of being replete with conclusory,

5

vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. For example, Plaintiff spends a considerable portion of her complaint complaining that Georgia Power is a "monopoly" that terminated its service to her Mallery Street home "without investigation." Dkt. No. 1 at 3. Yet, Plaintiff does not list Georgia Power as a defendant in this action. Further, the complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," and, therefore, does not meet the pleading requirements of Rule 8. Plaintiff's factual allegations do not promote clarity but instead are more akin to a stream of consciousness, which plainly is not "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Second, Plaintiff's complaint "commits the sin of not separating into a different count each cause of action or claim for relief." In fact, Plaintiff does not specify any counts or causes of action *at all*. Thus, Defendants would have to guess what claims Plaintiff is asserting against them. Relatedly, though Plaintiff names two Defendants in her complaint, Plaintiff almost exclusively alleges unlawful conduct by Defendant Vaughn, not Defendant Austell. Thus, Defendant Austell would have an even more difficult time guessing what causes of action Plaintiff is asserting against her. For all these reasons, Plaintiff's complaint is a shotgun pleading.

6

"[D]istrict courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006)). Further, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam). Accordingly, Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order. Her failure to do so will result in dismissal of this action. Further, Plaintiff is warned that her failure to clearly assert causes of action, as well as sufficient facts to support those causes of action, will result in dismissal of this case.

## CONCLUSION

Plaintiff is **ORDERED** to file a more definite statement of her claims, as directed above, within **twenty days** of the date of this Order.

7

**SO ORDERED** this \_\_14\_\_ day of May, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA